## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

BREEZE SMOKE LLC,

      Plaintiff,

vs.

TRUCENTA HOLDINGS LLC,

      Defendant.

CASE NO.

**JURY TRIAL DEMANDED**

### VERIFIED COMPLAINT

Plaintiff Breeze Smoke LLC ("Breeze Smoke"), by its undersigned attorneys Honigman LLP, for its Verified Complaint against Defendant Trucenta Holdings LLC ("Defendant" or "Trucenta"), alleges as follows:

### NATURE OF THE CASE

1.    This is an action for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §1051, *et seq.*, as well as related state and common law claims, in which Breeze Smoke is seeking immediate injunctive relief and monetary damages for Defendant's unlawful infringement of Breeze Smoke's valuable trademarks. Specifically, Defendant is a Michigan-based cannabis company that is in the business of offering and selling cannabis-related goods and services and smokers' articles—including vaping devices, e-cigarette liquids, ashtrays, lighters, tobacco grinders, cigarette rolling papers, and the like—to

consumers in Michigan and elsewhere.  Defendant is infringing Breeze Smoke's rights in its well-known BREEZE trademarks by using them to mislead consumers into believing there exists some affiliation, sponsorship, or connection between Breeze Smoke and Defendant when there is none, and by deliberately trading off of the extensive goodwill that Breeze Smoke has developed and is continuing to develop in its BREEZE trademarks.

## PARTIES, JURISDICTION AND VENUE

2.      Breeze Smoke is a limited liability company organized and existing under the laws of the State of Michigan, with its principal place of business at 4654 Lilly Ct., West Bloomfield, Michigan 48323.

3.      Upon information and belief, Defendant is a Michigan limited liability company with its principal place of business at 1675 E. Maple, Troy, Michigan 48083.

4.      Upon information and belief, Defendant is in the business of marketing, offering, and selling various cannabis-related goods and services and smokers' articles, including vaping devices, e-cigarette liquids, ashtrays, lighters, tobacco grinders, cigarette rolling papers, and the like.

5.      Personal jurisdiction over Defendant is appropriate because Defendant is located within this state and is subject to the general personal jurisdiction of this Court.  Personal jurisdiction over Defendant is also appropriate because Defendant

2

owns and operates its BREEZE cannabis store that is at issue in this litigation within this District and because it offers and sells infringing BREEZE products and services within this District to customers within this District.

6.      The Court has subject matter jurisdiction over this civil action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 in that this case arises under the Lanham Act (15 U.S.C. § 1051, *et seq*.), as well as 28 U.S.C. § 1367, and pursuant to the statutes and common law of the State of Michigan.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)–(d).

## BACKGROUND

### *Breeze Smoke's BREEZE Marks*

8.      Breeze Smoke is engaged in the business of manufacturing and selling a variety of tobacco and vaping products and smokers' articles, including disposable electronic vaping devices, under its BREEZE trademarks.

9.      Since at least as early as May 2019, Breeze Smoke has continuously used its BREEZE trademarks in connection with vaping products and related products in Michigan and throughout the United States.  A representative image of products Breeze Smoke began selling under its BREEZE trademarks in or before May 2019 follows:



10.  In addition to its widespread and continuous use of the BREEZE trademarks, Breeze Smoke owns United States Trademark Application No. 90/012,117 for the mark BREEZE SMOKE for "Disposable Electronic Cigarettes." A copy of the Trademark Electronic Search System ("TESS") page from the United States Patent and Trademark Office ("USPTO") website showing the details of the BREEZE SMOKE application is attached hereto as **Exhibit A** and incorporated herein by reference.

11.    The BREEZE SMOKE application was filed on June 20, 2020 based on actual use of the mark in United States commerce and asserts use in United States commerce since at least as early as March 1, 2020.

12.    Breeze Smoke also owns United States Trademark Application No. 90/246,820 for the mark BREEZE PLUS for "Disposable Electronic Cigarettes." A copy of the TESS page from the USPTO website showing the details of the BREEZE PLUS application is attached hereto as **Exhibit B** and incorporated herein by reference.

13.    The BREEZE PLUS application was filed on October 10, 2020 based on actual use of the mark in United States commerce and asserts use in United States commerce since at least as early as March 1, 2020.

14.    Breeze Smoke also owns United States Trademark Application No. 90/555,765 for the mark BREEZE PRO for "Disposable Electronic Cigarettes." A copy of the TESS page from the USPTO website showing the details of the BREEZE PRO application is attached hereto as **Exhibit C** and incorporated herein by reference.

15.    The BREEZE PRO application was filed on March 2, 2021 based on intent to use the mark in United States commerce.

16.    Breeze Smoke also owns United States Trademark Application No. 90/650,997 for the mark BREEZE PALM for "cigarette wraps; cigarette rolling

papers; wraps in the nature of tobacco wraps; tobacco wraps; pre-rolled smoking cones; rolling paper cones." A copy of the TESS page from the USPTO website showing the details of the BREEZE PALM application is attached hereto as **Exhibit D** and incorporated herein by reference.

17.     The BREEZE PALM application was filed on April 16, 2021 based on intent to use the mark in United States commerce.

18.     Breeze Smoke also owns common law trademark rights in the standalone mark BREEZE, which it has continuously used since at least May 2019. Examples of Breeze Smoke's use of the standalone BREEZE mark in connection with its vaping products are shown below:

 



19.     Collectively, the BREEZE SMOKE application, the BREEZE PLUS application, the BREEZE PRO application, the BREEZE PALM application, Breeze Smoke's common law rights in those marks, and Breeze Smoke's common law rights in the standalone mark BREEZE, shall be referred to herein as the "BREEZE Marks."

20.     Breeze Smoke's BREEZE products sold under its BREEZE Marks are promoted, offered and sold through online retail platforms, including at Breeze

Smoke's website www.breezesmoke.com, as well as at a substantial number of bricks-and-mortar locations throughout Michigan and the United States.

21.     Breeze Smoke has spent significant time, effort, and resources establishing its BREEZE Marks in the minds of its customers and the public via advertisements and promotions, including through online advertising and promotion, as representative of Breeze Smoke's high quality vaping products, smokers' articles, and related goods.

22.     Breeze Smoke has generated substantial revenue from the sale of products and services under its BREEZE Marks.

23.     As a result of Breeze Smoke's continuous use, extensive sales, advertising, and promotion of its products using its BREEZE Marks, the BREEZE Marks enjoy widespread recognition and an excellent reputation, and are recognized by the public as emanating exclusively from Breeze Smoke and representative of Breeze Smoke's high quality products and services.

24.     As a result of Breeze Smoke's efforts and commercial success in advertising, marketing and promoting products and services under the BREEZE Marks, Breeze Smoke has generated substantial and valuable goodwill in the BREEZE Marks, and the BREEZE Marks have become intangible assets of substantial commercial value to Breeze Smoke.

*Defendants' Willful and Infringing Use of the BREEZE Marks*

25.    In or around February 2020, Breeze Smoke became aware that Defendant was and is marketing, offering and selling cannabis-related products and services, including vaping devices, e-cigarette liquids, ashtrays, lighters, tobacco grinders, cigarette rolling papers, and the like, under the trademark "BREEZE."

26.    Upon information and belief, Trucenta markets, offers and sells its infringing BREEZE-branded cannabis-related products and services through its website at breeze.us and at a bricks-and-mortar location operating under the name and mark BREEZE at 24517 John R Rd., Hazel Park, MI 48030.

27.    Examples of Trucenta's infringing use of the BREEZE mark in connection with the marketing, offer and sale of cannabis-related products and services are set forth in the image below:



28.     Additional examples displaying Defendant's infringing uses are attached hereto as **Exhibit E** and incorporated herein by reference.

29.     In or around November 2020, Breeze Smoke also became aware that Defendant filed a number of United States Trademark Applications (and to date has received two United States Trademark Registrations) for marks comprised of or incorporating the term "BREEZE" covering smokers' articles and goods ancillary or related to a cannabis business.   A chart summarizing these applications and registrations is set forth below:

|   | Mark | App./Reg. No. | Goods | Filing Date | Reg./ First Use Dates |
|---|------|---------------|-------|-------------|-----------------------|
| 1 | BREEZE | 90/292,582 | Class 3:  Electronic cigarette liquid comprised of essential oils; to the extent any of the foregoing involves use of cannabis, such cannabis shall have a delta-9 THC concentration of not more than 0.3% on a dry weight basis<br><br>Class 5:   Plant extracts for pharmaceutical purposes, namely, for the treatment of nausea, anxiety, pain, glaucoma, seizures, multiple sclerosis and Crohn's Disease; to the | 11/2/2020 | N/A (Filed Under Section 1B) |

| | Mark | App./Reg. No. | Goods | Filing Date | Reg./ First Use Dates |
|---|---|---|---|---|---|
| | | | extent any of the foregoing involves cannabis, such cannabis shall have a delta-9 THC concentration of not more than 0.3% on a dry weight basis | | |
| | | | Class 34: Electronic cigarette liquids comprised of flavoring in liquid form, other than essential oils, used to refill electronic cigarette cartridges; to the extent any of the foregoing involves use of cannabis, such cannabis shall have a delta-9 THC concentration of not more than 0.3% on a dry weight basis; smoking pipes; smoking pipe cleaners; electronic smoking pipes; oral vaporizers for smokers | | |
| 2 | BREEZE | 90/292,579 | Class 3: Electronic cigarette liquid comprised of essential oils; to the extent any of the foregoing involves use of cannabis, such cannabis shall have a | 11/2/2020 | N/A (Filed Under Section 1B) |

| | Mark | App./Reg. No. | Goods | Filing Date | Reg./ First Use Dates |
|---|---|---|---|---|---|
| | | | delta-9 THC concentration of not more than 0.3% on a dry weight basis | | |
| | | | Class 5:   Plant extracts for pharmaceutical purposes, namely, for the treatment of nausea, anxiety, pain, glaucoma, seizures, multiple sclerosis and Crohn's Disease; to the extent any of the foregoing involves cannabis, such cannabis shall have a delta-9 THC concentration of not more than 0.3% on a dry weight basis | | |
| | | | Class 34:  Electronic cigarette liquids comprised of flavoring in liquid form, other than essential oils, used to refill electronic cigarette cartridges; to the extent any of the foregoing involves use of cannabis, such cannabis shall have a delta-9 THC concentration of not more than 0.3% on a dry weight basis; smoking pipes; | | |

| | Mark | App./Reg. No. | Goods | Filing Date | Reg./ First Use Dates |
|---|---|---|---|---|---|
| | | | smoking pipe cleaners; electronic smoking pipes; oral vaporizers for smokers | | |
| 3 | BREEZE | 90/292,573 | Class 7:  Vacuum packaging machines<br><br>Class 30:  Candy; Candy bars<br><br>Class 32:  Bottled water | 11/2/2020 | N/A (Filed Under Section 1B) |
| 4 | BR≋ZE | 90/292,568 | Class 7:  Vacuum packaging machines<br><br>Class 30:  Candy; Candy bars<br><br>Class 32:  Bottled water | 11/2/2020 | N/A (Filed Under Section 1B) |
| 5 | BR≋ZE | 90/292,558 | Class 14:  Ornamental lapel pins<br><br>Class 16:  Decals; Posters; Stickers; Plastic food storage bags for household use<br><br>Class 18:  Handbags; Wallets; Backpacks; Book bags; Sports bags; All-purpose reusable carrying bags<br><br>Class 21:  Containers for household use; Insulating sleeve holders for beverage cans; Plastic storage | 11/2/2020 | N/A (Filed Under Section 1B) |

| | Mark | App./Reg. No. | Goods | Filing Date | Reg./ First Use Dates |
|---|---|---|---|---|---|
| | | | containers for domestic use; Plastic storage containers for household use; Portable coolers, non-electric | | |
| | | | Class 34:  Ashtrays for smokers; Cigarette rolling papers; Smokers' rolling trays; Cigarette lighters; Tobacco grinders | | |
| 6 | BREEZE | 90/292,552 | Class 14:  Ornamental lapel pins | 11/2/2020 | N/A (Filed Under Section 1B) |
| | | | Class 16:  Decals; Posters; Stickers; Plastic food storage bags for household use | | |
| | | | Class 18:  Handbags; Wallets; Backpacks; Book bags; Sports bags; All-purpose reusable carrying bags | | |
| | | | Class 21:  Containers for household use; Insulating sleeve holders for beverage cans; Plastic storage containers for domestic use; Plastic storage containers for household use; Portable coolers, non-electric | | |

| | Mark | App./Reg. No. | Goods | Filing Date | Reg./ First Use Dates |
|---|---|---|---|---|---|
| | | | Class 34: Cigarette rolling papers; Smokers' rolling trays | | |
| 7 | BREEZE | 90/256,675 | Class 34: Ashtrays for smokers; Lighters for smokers; Tobacco grinders | 10/15/2020 | N/A (Filed Under Section 1B) |
| 8 | BREEZE | 6296005 | Class 25: Beanies; hats; hooded sweatshirts; long-sleeved shirts; shirts; sweaters; tank tops; graphic T-shirts; short-sleeved or long-sleeved T-shirts; sweat shirts; T-shirts; tee shirts; woolly hats | 6/19/2019 | Reg. Date: 3/16/2021<br><br>Claimed First Use Date: 4/6/2020 |
| 9 | BREEZE | 6296004 | Class 25: Beanies; hats; hooded sweatshirts; long-sleeved shirts; shirts; sweaters; tank tops; graphic T-shirts; short-sleeved or long-sleeved T-shirts; sweat shirts; T-shirts; tee shirts; woolly hats | 6/19/2019 | Reg. Date: 3/16/2021<br><br>Claimed First Use Date: 4/6/2020 |

30.     Records from the Trademark Electronic Search System ("TESS") of the United States Patent and Trademark Office reflecting the current status of these

applications and registrations are attached hereto as **Exhibit F** and incorporated herein by reference.

31.     Defendant is competing with Breeze Smoke in that it sells its cannabis-related products and services and smokers' articles to the same or similar customers or the same or similar classes of customers as Breeze Smoke.

32.     Breeze Smoke has not licensed or otherwise authorized Defendant to use its highly valuable and well-established BREEZE Marks in any manner whatsoever.

33.     Upon information and belief, Defendant knew of Breeze Smoke's prior use of the BREEZE Marks, was and is well aware of the goodwill and market value of Breeze Smoke's BREEZE Marks, and intentionally chose to use the BREEZE Marks to suggest a false affiliation between Breeze Smoke and its goods and services on the one hand and Defendant and its goods and services on the other, or to confuse customers about the source of the parties' respective goods.

34.     Through its unauthorized and infringing uses of the BREEZE Marks, Defendant is deliberately and improperly capitalizing upon the goodwill that Breeze Smoke has built up in its BREEZE Marks.

35.     Defendant's unauthorized, unlawful and intentional use of the BREEZE Marks has caused, and will continue to cause, a likelihood of confusion among consumers and potential consumers as to the source or origin of Defendant's

products and services and the sponsorship or endorsement of those goods and services by Breeze Smoke.

36.     As a direct and proximate result of Defendant's unauthorized conduct, Breeze Smoke has been and will continue to be damaged by confusion among consumers and potential consumers as to Breeze Smoke's association or connection with, or endorsement or authorization of, Defendant and/or its products and services, at least in part in ways that cannot be adequately measured or fully remedied by monetary damages.

37.     As a result of Defendant's intentional misappropriation of the BREEZE Marks, Defendant has caused, and will continue to cause, irreparable injury to Breeze Smoke and has substantially damaged the value of Breeze Smoke's BREEZE Marks.

38.     Defendant has unjustly enriched itself at Breeze Smoke's expense by promoting and selling products and services in connection with the BREEZE Marks in a manner that appropriates and exploits Breeze Smoke's hard-earned goodwill and reputation. Among the benefits that Defendant has gained from its unlawful and willful conduct are increased revenues from the sale of its infringing products and services.

39.     In March 2021, the USPTO examining attorney assigned to examine Defendant's U.S. Trademark Application Nos. 90/292,582; 90/292,579; 90/292,558;

90/292,552; and 90/256,675 for its "BREEZE"-formative marks issued suspension letters and office actions refusing registration for those applications based, *inter alia*, on Breeze Smoke's prior-pending U.S. Application Nos. 90/012,117 for BREEZE SMOKE and 90/246,820 for BREEZE PLUS.  Relevant excerpts from the office actions and suspension letters issued against Defendant's applications are attached hereto as **Exhibit G** and incorporated herein by reference.

40.     In March 2021, Defendant filed a Notice of Opposition with the United States Trademark Trial and Appeal Board against Breeze Smoke's U.S. Application No. 90/012,117 for BREEZE SMOKE.  A copy of Defendant's Notice of Opposition against Breeze Smoke's BREEZE SMOKE application is attached hereto as **Exhibit H** and incorporated herein by reference.

41.     In the Notice of Opposition, Defendant affirmatively states that Breeze Smoke's BREEZE SMOKE mark is likely to be confused with Defendant's "BREEZE"-formative marks.  Specifically, Defendant indicates that the parties' marks are similar, the parties' respective goods are confusingly similar, and the customers and channels of trade for the parties' respective products and services are likely to be similar or overlapping.  *See* Exhibit H, at ¶¶ 21-27.

42.     Since Breeze Smoke became aware of Defendant's trademark filings in November 2020, the parties have been in settlement discussions in an effort to resolve this dispute; however, they have not been able to reach resolution.

43.    To date, Defendant has not ceased selling or offering to sell its infringing cannabis-related products and services and smokers' articles under the BREEZE Marks.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1125(a))**

44.    Breeze Smoke realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

45.    Breeze Smoke owns valid and enforceable rights in the BREEZE Marks in connection with the goods and services it offers and sells in connection therewith by virtue of its extensive use, promotion, and advertisement of the marks, and has possessed such rights at all times material hereto.

46.    Breeze Smoke's use of its BREEZE Marks in connection with tobacco and other vaping products predates any use by Defendant.

47.    Defendant has knowingly and intentionally used and continue to use in commerce the BREEZE Marks in connection with the cannabis-related goods and services that Defendant sells and offers to sell.

48.    Defendant has been informed and is fully aware of Breeze Smoke's extensive prior use of the BREEZE Marks. Defendant knows it is misappropriating the BREEZE Marks because it knows it is not authorized to sell its cannabis-related products and services under the BREEZE Marks.

49.     Breeze Smoke has not authorized, licensed, or otherwise condoned or consented to Defendant's use of the BREEZE Marks.

50.     Defendant's use of the BREEZE Marks is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Breeze Smoke, and/or Defendant's goods and services on the one hand and Breeze Smoke's goods and services on the other, and is likely to cause such people to believe in error that Defendant's goods have been authorized, sponsored, approved, endorsed, or licensed by Breeze Smoke or that Defendant is in some way affiliated with Breeze Smoke.

51.     Defendant's use of the BREEZE Marks is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Breeze Smoke, and/or Defendant's goods and services on the one hand and Breeze Smoke's goods and services on the other, and is likely to cause such people to believe in error that Breeze Smoke's goods have been authorized, sponsored, approved, endorsed, or licensed by Defendant or that Breeze Smoke is in some way affiliated with Defendant.

52.     Such confusion, deception or mistake has occurred, and is likely to continue to occur, as a direct result of Defendant's use of the BREEZE Marks in

connection with the display, advertising, promotion, offer of sale and sale of its infringing cannabis-related products and services.

53.     Defendant's actions constitute trademark infringement in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

54.     Defendant's actions described herein were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

55.     Defendant's conduct has occurred in interstate commerce and substantially impacts interstate commerce in that, upon information and belief, Defendant sells its cannabis goods and services to consumers resident in both Michigan and other states.

56.     As a direct and proximate result of Defendant's conduct, Breeze Smoke has suffered damage to the valuable BREEZE Marks, as well as harm to its valuable goodwill and reputation.

57.     Defendant's conduct described herein will continue to cause irreparable damage to Breeze Smoke and confuse the public unless enjoined by this Court.

58.     An award of money damages alone cannot fully compensate Breeze Smoke for its injuries, and Breeze Smoke has no adequate remedy at law.

## COUNT II
## FEDERAL UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

59.    Breeze Smoke realleges and incorporates by reference the allegations

contained in the preceding paragraphs as if fully set forth herein.

60.    Breeze Smoke owns valid and enforceable rights in the BREEZE Marks

in connection with the goods and services it offers and sells in connection therewith

by virtue of its extensive use, promotion, and advertisement of the trade dress, and

has possessed such rights at all times material hereto.

61.    Breeze Smoke's use of the BREEZE Marks in connection with tobacco

and other vaping products predates any use by Defendant.

62.    Defendant has knowingly and intentionally used and continue to use in

commerce the BREEZE Marks in connection with the cannabis-related products and

services that Defendant advertises, promotes, distributes, and sells.

63.    Defendant knowingly and intentionally sells its cannabis-related

products and services under and in connection with the BREEZE Marks with full

knowledge of Breeze Smoke's extensive prior use of the BREEZE Marks.

64.    Breeze Smoke has not authorized, licensed, or otherwise condoned or

consented to Defendant's use of the BREEZE Marks.

65.    Defendant's use of the BREEZE Marks is likely to confuse, mislead,

and/or deceive customers, purchasers, and members of the general public as to the

origin, source, sponsorship, or affiliation of Defendant and Breeze Smoke, and/or Defendant's goods and services on the one hand and Breeze Smoke's goods and services on the other, and is likely to cause such people to believe in error that Defendant's goods or services have been authorized, sponsored, approved, endorsed, or licensed by Breeze Smoke or that Defendant is in some way affiliated with Breeze Smoke.

66.    Defendant's use of the BREEZE Marks is likely to confuse, mislead, and/or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant and Breeze Smoke, and/or Defendant's goods and services on the one hand and Breeze Smoke's goods and services on the other, and is likely to cause such people to believe in error that Breeze Smoke's goods have been authorized, sponsored, approved, endorsed, or licensed by Defendant or that Breeze Smoke is in some way affiliated with Defendant.

67.    Such confusion, deception or mistake has occurred, and is likely to continue to occur, as a direct result of Defendant's use of the BREEZE Marks in connection with the display, advertising, promotion, offer of sale and sale of its infringing cannabis-related products and services.

68.    Defendant's actions constitute unfair competition, false designation of origin, false or misleading description of fact, and false or misleading representation of fact in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

69.     Defendant's actions described herein were knowing and intentional and thus render this case exceptional within the meaning of 15 U.S.C. § 1117(a).

70.     As a direct and proximate result of Defendant's conduct, Breeze Smoke has suffered damage to the valuable BREEZE Marks, as well as harm to its valuable goodwill and reputation.

71.     Defendant's conduct described herein will continue to cause irreparable damage to Breeze Smoke and confuse the public unless enjoined by this Court.

72.     An award of money damages alone cannot fully compensate Breeze Smoke for its injuries, and Breeze Smoke has no adequate remedy at law.

**COUNT III**
**VIOLATIONS OF MICHIGAN CONSUMER PROTECTION ACT**
**(M.C.L § 445.901)**

73.     Breeze Smoke realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

74.     Defendant's acts constitute unfair, unconscionable, or deceptive methods, acts or practices in conducting trade or commerce in violation of Mich. Comp. Laws § 445.901 *et seq.*

75.      Defendant's unauthorized use of the BREEZE Marks in connection with its promotion, offer and sale of their counterfeit vaping products is likely to cause confusion or misunderstanding as to the source, sponsorship, approval or certification of the goods in violation of Mich. Comp. Laws § 445.903(1)(a).

76.     Defendant's unauthorized use of the BREEZE Marks have caused and, unless enjoined by this Court, will continue to cause substantial injury to the public and to Breeze Smoke.  Based on Defendant's unlawful activities, Breeze Smoke is entitled to injunctive relief and to recover damages, and as appropriate, punitive damages, costs and reasonable attorneys' fees.

<u>COUNT IV</u>
**COMMON LAW UNFAIR COMPETITION**

77.     Breeze Smoke realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

78.     Defendant was aware of Breeze Smoke's prior use of the BREEZE Marks and used the BREEZE Marks in disregard of Breeze Smoke's rights.

79.     Defendant's actions have resulted in the misappropriation of, and trading upon, Breeze Smoke's valuable goodwill and business reputation at Breeze Smoke's expense and at no expense to Defendant.  The effect of Defendant's misappropriation of the goodwill symbolized by the BREEZE Marks is likely to unjustly enrich Defendant, damage Breeze Smoke, and confuse and/or deceive the public.

80.     Defendant's actions constitute unfair competition with Breeze Smoke, which has caused and will continue to cause irreparable injury to Breeze Smoke's goodwill and reputation unless enjoined.

81.     An award of money damages alone cannot fully compensate Breeze Smoke for its injuries, and Breeze Smoke has no adequate remedy at law.

## COUNT V
## UNJUST ENRICHMENT

82.     Breeze Smoke realleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

83.     By misappropriating Breeze Smoke's valuable goodwill and reputation through the improper use of the BREEZE Marks, Defendant has been unjustly enriched to the material detriment of Breeze Smoke.

84.     Defendant is realizing profit and will continue to realize a profit from its improper use of the BREEZE Marks.

85.     Defendant's actions have directly and proximately caused irreparable harm to Breeze Smoke and its valuable goodwill and reputation, and will continue to harm Breeze Smoke unless enjoined.

86.     An award of money damages alone cannot fully Breeze Smoke for its injuries, and Breeze Smoke has no adequate remedy at law.

87.     Breeze Smoke is entitled to compensatory damages in the form of restitution and such other and further relief as the Court deems equitable and just.

## **PRAYER FOR RELIEF**

WHEREFORE, Breeze Smoke respectfully requests and prays that the Court:

A.    Enter judgment in Breeze Smoke's favor and against Defendant on all counts of the Complaint;

B.    Determine that Defendant willfully violated the Lanham Act, that Breeze Smoke has been damaged by such violations, and that Defendant is liable to Breeze Smoke for such violations;

C.    Determine that Defendant has violated the Michigan Consumer Protection Act and committed common law trademark infringement, that Breeze Smoke has been damaged by such violations and infringement, and that Defendant is liable to Breeze Smoke for such violations and infringement;

D.    Determine that this case is "exceptional" within the meaning of 15 U.S.C. § 1117(a);

E.    Under all claims for relief, issue a preliminary and permanent injunction enjoining Defendant and any of its officers, employees, agents, successors and assigns, and all those in active concert and participation with Defendant, and each of them who receives notice directly or otherwise of such injunctions:

    1.    from using in any manner the BREEZE Marks and any variations thereof, or any other name, term, phrase, mark, design, device or symbol which so resembles or is similar to the BREEZE Marks as to be likely to cause confusion, mistake or deception as to source, origin, sponsorship, approval, affiliation or the like;

    2.    from further unlawfully trading upon and misappropriating the goodwill and reputation of Breeze Smoke and competing unfairly with Breeze Smoke;

    3.    from inducing, encouraging, aiding, abetting, or contributing to any of the aforesaid acts; and

    4.    from making any false or misleading descriptions of fact or false or misleading representations of fact in their commercial

advertising or promotion about the nature, characteristics, or qualities of their products or related commercial activities.

F.     Order Defendant to deliver up for destruction all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, or other materials in their possession, custody or control, and in the possession, custody or control of those in active concert or participation or otherwise in privity with them, which display or contain the BREEZE Marks, or any variations thereof, or which constitute and/or bear any other device, representation or statement in violation of the injunction herein requested by Breeze Smoke, and that Defendant be ordered to deliver up for destruction all means of making the same;

G.     Order Defendant to file with the Court and serve on Breeze Smoke, within thirty (30) days after service on it of such injunction (or such extended period as the Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

H.     In accordance with 15 U.S.C. § 1118, order Defendant to deliver to Breeze Smoke, at Defendant's expense, for destruction or other disposition, all products, including, without limitation, all labels, packaging, signs, prints, advertisements, promotional, and other materials, incorporating, bearing, or displaying a trademark confusingly similar to the BREEZE Marks or which otherwise violates 15 U.S.C. § 1125(a), in the possession, custody, or control of Defendant, as well as any reproduction, counterfeit, copy, or colorable imitation thereof, and all other materials or means of making the same;

I.     Order that Defendant account for and pay over to Breeze Smoke all gains, profits, and advantages derived from its violation of 15 U.S.C. § 1125(a) and the common law, and also pay to Breeze Smoke the damages which Breeze Smoke has sustained by reason of such violations, together with legal interest from the date of accrual thereof;

J.     Because of the willful nature of said violations and pursuant to 15 U.S.C. § 1117(a), order that Defendant be required to pay over to Breeze Smoke enhanced damages;

K.     Order that Defendant be required to pay Breeze Smoke's reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1117(a);

L.    Award interest, including pre-judgment interest on the foregoing sums;

M.    Award Breeze Smoke an amount of money to undertake corrective advertising; and

N.    Grant Breeze Smoke any other relief as the Court deems necessary and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Breeze Smoke

demands a trial by jury on all issues present in this civil action.

Dated:  August 6, 2021                    Respectfully submitted,

                                          By:  /s/ *Mary A. Hyde*
                                          Jeffrey K. Lamb (P76738)
                                          Andrew M. Pauwels (P79167)
                                          HONIGMAN LLP
                                          660 Woodward Ave., Suite 2290
                                          Detroit, MI 48226
                                          Telephone: (313) 465-7000
                                          jlamb@honigman.com
                                          apauwels@honigman.com

                                          Mary A. Hyde (P83066)
                                          Nicholas Burandt (P84113)
                                          HONIGMAN LLP
                                          155 North Wacker Dr., Suite 3100
                                          Chicago, IL 60606
                                          Telephone:  (312) 701-9360
                                          mhyde@honigman.com

                                          *Attorneys for the Plaintiff*

## **VERIFICATION**

I, Steven Haddad, a Managing Member of Breeze Smoke LLC, declare that I have reviewed the allegations set forth in the Verified Complaint and have authorized the filing of this Verified Complaint. I further declare under penalty of perjury that all of the allegations made in the foregoing Verified Complaint of which I have personal knowledge are true and correct, and that all allegations of which I do not have personal knowledge I believe to be true and correct based on information received from my employees, distributors, and customers.

Dated: August 6, 2021

Steven Haddad